EXHIBIT 1

LOVELL STEWART HALEBIAN LLP
John Halebian (JH-8005)
jhalebian@lshllp.com
500 Fifth Avenue
New York, NY 10110
Tel:    (212) 608-1900
Fax:    (212) 719-4677
Attorneys for Plaintiffs Alan B. Krichman and
James C. Howell, and, as authorized, as
Attorneys for all Plaintiffs



WINNE, BANTA, HETHERINGTON,
         BASRALIAN & KAHN, P.C.
Edward P. D'Alessio (ED-4311)
edalessio@winnebanta.com
10 East 40th Street, Suite 1308
New York, NY 10016
Tel:    (212) 644-1710
Attorney for Plaintiffs Alan B. Krichman,
James C. Howell and Gary Simel

[Additional Attorneys for Plaintiffs follow signature]

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY SIMEL, ALAN B. KRICHMAN, JAMES C. HOWELL, DAVID BACHRACH, LAWRENCE R. KAUFMANN and AMIRI CURRY, individually, and on behalf of all others similarly situated, <br><br>                Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO. and CHASE INVESTMENT SERVICES CORP. <br><br>                Defendants. | **Case No. 05 CV 9750 (GBD)** <br><br> **CONSOLIDATED AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.      Plaintiffs Gary Simel, Alan B. Krichman, James C. Howell, David Bachrach, Lawrence R. Kaufmann and Amiri Curry, by and through their attorneys, make the following allegations upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

2.      Plaintiffs bring this lawsuit as a collective action under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and as a class action pursuant to Fed.R.Civ.P. 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the Federal Fair Labor Standards Act, and of the Labor Laws of the States of New York, New Jersey and Illinois, and the Labor Laws of the other states and jurisdictions of the United States in which Defendants do business, including the District of Columbia, and as a result of other wrongful conduct and improper labor practices committed by Defendants JPMorgan Chase & Co. and Chase Investment Services Corp. (referred to herein collectively as "Chase" or as "Defendants") in those jurisdictions.

3.      The persons Plaintiffs seek to represent are: (a) current and former Financial Advisors (also known as and sometimes referred to as Securities Brokers, Personal Financial Advisors, Independent Financial Advisors, Financial Advisor Associates, Senior Financial Consultants, Investment Sales Representatives and/or RIS Team Leaders) who are or have been employed by Defendants in the United States, including the District of Columbia, and (b) current and former Financial Advisor Trainees (also known as and sometimes referred to herein as "Securities Broker Trainees" or "Trainees") who have been employed by Defendants in the United States, including the District of Columbia, who are and/or were employed by Defendants

2

on a commission or salary basis, and to whom Defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law and/or are and/or were subjected to unlawful deductions from their pay by Defendants, unlawfully compelled to pay for Defendants' business expenses and unlawfully charged back for commissions and/or the actual value of stock or other losses allegedly caused by them through simple negligence or through no fault of their own. The positions in which Defendants employed the persons identified in sub-paragraphs (a) and (b) of this paragraph are collectively referred to herein as "Covered Positions."

4.   The groups and classes that Plaintiffs seek to represent are:

(a) the "Federal Collective Group" that consists of all individuals who were or are employed by Defendants in Covered Positions in the United States of America, including the District of Columbia, at any time from November 17, 2002 who timely opt-in to any such collective group (the "Federal Eligibility Period");

(b) the "State Law Class" that consists of all individuals, employed by Defendants in Covered Positions in the States and jurisdictions of the United States, including the District of Columbia, at any time during the maximum applicable law limitations periods of those jurisdictions in the United States, including, without limitation: (i) all individuals employed by Defendants in Covered Positions in the State of New York at any time since December 19, 2000; (ii) all individuals employed by Defendants in Covered Positions in the State of New Jersey at any time since June 1, 2000; and (iii) all individuals employed by Defendants in Covered Positions in the State of Illinois at any time since November 1, 2002 (collectively the "State Law Class Periods").

5.     As a result of Defendants' violation of the FLSA, and the Labor Laws of each of the jurisdictions of the United States in which Defendants conducted business, including without limitation, the Labor Laws of New York, New Jersey and Illinois, Plaintiffs and the other members of the Federal Collective Group and the other members of the State Law Class were unlawfully under-compensated for their work.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

7.     Venue is proper under 28 U.S.C § 1391(b)(1) and § 1391(c) because the named Defendants are resident in this District and many of the acts complained of occurred in this District.

## PARTIES

8.     During the Federal Eligibility Period, Plaintiffs Gary Simel and James C. Howell, residents and citizens of New York, Alan B. Krichman, David Bachrach and Lawrence R. Kaufmann, residents and citizens of New Jersey, and Amiri Curry, a resident and citizen of Illinois (collectively "Federal Collective Group Plaintiffs"), were employed by Chase in Covered Positions in the United States.

9.     During the State Law Class Periods, Plaintiffs Gary Simel, Alan B. Krichman and James C. Howell were employed by Chase in Covered Positions in the State of New York, Plaintiffs David Bachrach and Lawrence R. Kaufmann were employed by Chase in Covered Positions in the State of New Jersey and Plaintiff Amiri Curry was employed by Chase in a Covered Position in the State of Illinois (collectively "State Law Class Plaintiffs").

10.     During the Federal Eligibility Period and the State Law Class Periods, Defendant JPMorgan Chase & Co. was and is a Delaware corporation with its principal place of business in the State of New York, doing business in the State of New York, and was and is the parent company of Defendant Chase Investment Services Corp., sometimes dba "JPMorgan."  During the Federal Eligibility Period and the State Law Class Periods, Defendant Chase Investment Services Corp., sometimes dba "JPMorgan," was and is a Delaware corporation and a wholly owned subsidiary and the brokerage arm of Defendant JPMorgan Chase & Co, with its principal places of business in the States of Illinois and New York. doing business as a FINRA (formerly NASD) registered securities brokerage firm with offices located and maintained in the Borough of Manhattan, New York County, State of New York, where Plaintiffs Simel, Krichman and Howell were employed, and in other locations in the State of New York, and has conducted business throughout many states and jurisdictions of the United States, including, without limitation, the States of New Jersey where Plaintiffs Bachrach and Kaufmann were employed and Illinois where Plaintiff Curry was employed.  Defendant Chase Investment Services Corp., sometimes dba "JPMorgan," employs well over a thousand Security Brokers and Trainees at any one time in the States of New York, New Jersey and Illinois, and Plaintiffs estimate that the Federal Collective Group and the State Law Classes far exceed that amount in total number of participants during the Federal Eligibility Period and the State Law Class Periods.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

11.     The Federal Collective Group Plaintiffs bring this action on behalf of themselves and on behalf of the Federal Collective Group pursuant to the Fair Labor Standards Act, § 216(b).

12.     The Federal Collective Group Plaintiffs are informed and believe that Chase has over 1,000 employees in Covered Positions in the United States, including the District of Columbia, in the Federal Collective Group and estimate that the total number of employees in Covered Positions in the Federal Collective Group during the Federal Eligibility Period far exceeds that amount.

13.     The Federal Collective Group Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for Defendants in Covered Positions during the Federal Eligibility Period; (b) functioned exclusively or primarily as inside sales persons; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation. As a result, there are questions of law and fact common to the Federal Collective Group Plaintiffs and the Federal Collective Group; and, therefore, the Federal Collective Group Plaintiffs have a well-defined community of interest with and are adequate representatives of the Federal Collective Group.

14.     The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

        a.     Whether Defendants failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the FLSA; and

        b.     Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages.

15.    The State Law Class Plaintiffs bring this action on behalf of themselves and on behalf of the State Law Class, pursuant to Fed.R.Civ.P. 23.

16.    The State Law Class Plaintiffs are informed and believe that there are thousands of members of the State Law Class; thus, the State Law Class is so numerous that joinder is impractical.

17.    There are questions of law and fact common to the State Law Class Plaintiffs and the other members of the State Law Class; and, therefore, the State Law Class Plaintiffs are similarly situated to the other members of the State Law Class and are adequate representatives of the State Law Class.

18.    The following questions of law and fact are common to the State Law Class and predominate over questions which may affect only individual members of the State Law Class:

a.    Whether Defendants failed to adequately compensate the members of the State Law Class for overtime hours worked as required by the Labor Laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey and Illinois, *e.g.*: (i) the New York State Labor Department's Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 142-2.2; (ii) New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30; and (iii) the Illinois Minimum Wage Law, 820 ILCS 105/1et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

b.    Whether Defendants wrongfully deducted monies from the wages of the members of the State Law Class and/or otherwise required State Law Class members to pay for support staff and other overhead expenses and for reversed trades in violation of the Labor Laws of the States and jurisdictions of the United

States, including, without limitation, the Labor Laws of New York, New Jersey

and Illinois, *e.g.*: (i) New York Labor Law Article 6 § 193; (ii) New Jersey State

Wage and Hour Law, N.J.S.A. 34:11-4.4; and (iii) Illinois Wage Payment and

Collection Act, 820 ILCS 115/1 et seq.

    c.     Whether Defendants violated the Labor Laws of the States and

jurisdictions of the United States, including, without limitation, Illinois Wage

Payment and Collection Act, , 820 ILCS 115/5, which provides that when an

employee is discharged or terminates employment for any reason, the employer

must pay the employee all wages due by certain deadlines, by wrongfully failing

to tender payment and/or restitution of wages owed or in the manner required by

the Labor Laws of the States and jurisdictions of the United States in which

Defendants engaged in business, including, without limitation, Illinois law, to the

State Law Class.

    d.     Whether the members of the State Law Class have been damaged and, if

so, the extent of such damages and whether the members of the State Law Class

are entitled to exemplary damages and penalties and, if so, the extent of such

damages and penalties.

19.    Plaintiffs are asserting claims that are typical of the claims of the Federal

Collective Group and the State Law Class.  Plaintiffs will fairly and adequately represent and

protect the interests of the Federal Collective Group and the State Law Class and have no

interests antagonistic to those of the other members of the Federal Collective Group and/or the

other members of the State Law Class.  Plaintiffs have retained attorneys who are competent and

experienced in the prosecution of class and collective action litigation.

20.    Plaintiffs and the other members of the Federal Collective Group and the State Law Class have suffered damages as a result of Defendants' wrongful conduct.  Because of the size of the claims of the individual members of the Federal Collective Group and the State Law Class, few, if any, members of the Federal Collective Group and/or the State Law Class could afford to seek legal redress for the wrongs complained of herein.  A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the parties' controversy.

21.    Absent a collective and class action, the members of the Federal Collective Group and the State Law Class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the Labor Laws of the States and jurisdictions of the United States.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

22.    Defendants sold and sell securities and other financial products with offices nationwide.

23.    Plaintiffs were inside sales persons whom Defendants paid on a commission basis without any premium for overtime pay as required by law.

24.    Defendants required Securities Broker members of the State Law Class to pay additional wages to the Securities Brokers' assistant(s) for doing the business of Defendants.

25.    Defendants also charged and/or refused to compensate the members of the State Law Class for other costs of doing business.

26.    Further, if customers challenged transactions done for their benefit by the members of the State Law Class, Defendants would deduct the amount of any loss from the

commissions due the Securities Brokers members of the State Law Class, both for the actual losses incurred by the customers and any commission paid on such transactions.

27.     Neither Plaintiffs nor the other members of the Federal Collective Group or the State Law Class were or are part of any group exempt from the overtime requirements of Federal law or the laws of the States and jurisdictions of the United States, including, without limitation, the laws of New York, New Jersey and Illinois.

28.     Members of the Federal Collective Group and the State Law Class were not and are not "professionals" and did not perform executive or administrative functions as defined by the FLSA, or the laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey and Illinois.

29.     Plaintiffs and the other members of the Federal Collective Group and the State Law Class were not and are not outside salesmen as defined in the FLSA and under the laws of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey and Illinois, since they performed their sales functions inside Defendants' offices.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime to the Federal Collective Group-Violation of FLSA)**

30.     The Federal Collective Group Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full.

31.     Section 207(a)(1) of the Federal Fair Labor Standards Act provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives

> compensation for his employment in excess of the hours above
> specified at a rate not less than one and one-half times the regular rate
> at which he is employed.

29 U.S.C. § 207(a)(1) (2005).

32.    Section 207(i) of the Federal Fair Labor Standards Act provides for certain

exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) [of this
> section - mandate to compensate employees for overtime] by
> employing any employee of a **retail or service establishment** for a
> workweek in excess of the applicable work week specified therein,
> if (1) the regular rate of pay of such employee is in excess of one
> and one-half times the minimum hourly rate applicable to him under
> section 6 [29 U.S.C. § 206], and (2) more than half his
> compensation for a representative period (not less than one month)
> represents commissions on goods or services.

29 U.S.C. § 207(i) (2005) (emphasis added).

33.    The Section 207(i) exemption does not apply to the Federal Collective Group

herein because brokerage houses do not qualify as "retail or service establishments."  Section

779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to

which the retail concept [and thus the section 207(i) exemption] does not apply."  29 C.F.R. §

779.317 (2005).  Included in that list are "brokers, custom house; freight brokers; stock or

commodity brokers, [and] … securities dealers."  *Id.*

34.    Section 213(a)(1) of the Federal Fair Labor Standards Act provides that the

overtime pay requirement does not apply to:

> any employee employed in a bona fide **executive, administrative,**
> or **professional capacity** (including any employee employed in the
> capacity of academic administrative personnel or teacher in
> elementary or secondary school), or in the capacity of **outside**
> **salesman** (as such terms are defined and delimited from time to time
> by regulations of the Secretary, subject to the provisions of the
> Administrative Procedure Act [5 U.S.C. §§ 551 *et seq.*] except than
> [*sic*] an employee of a retail or service establishment shall not be

11

> excluded from the definition of employee employed in a bona fide
> executive or administrative capacity because of the number of hours
> in his work week which he devotes to activities not directly or
> closely related to the performance of his executive or administrative
> activities, if less than 40 per centum of his hours worked in the work
> week are devoted to such activities).

29 U.S.C. § 213(a)(1) (2005) (emphasis added).

35.　　The Section 213(a)(1) exemption for employees employed in a professional

capacity is inapplicable because the Federal Collective Group Plaintiffs and the other members

of the Federal Collective Group are not employed in a bona fide professional capacity.

36.　　Moreover, the professional exemption does not apply to the Federal Collective

Group Plaintiffs or to the other members of the Federal Collective Group because the status of a

securities broker is not a recognized profession in a field of science or learning, and the skills are

acquired through experience and an apprenticeship and the passage of a series of exams through

self-study, rather than at any institution of higher learning.

37.　　In addition, for an occupation to qualify for the professional exemption, the

occupation must be generally recognized as a profession requiring advanced knowledge in a

field of science or learning customarily acquired by a prolonged course of specialized

intellectual instruction.  There is no generally recognized advanced degree from an institution of

higher academic learning related to work as a stock broker, and even if there were, it is not

generally required to have such a degree in order to become a Securities Broker employee of

Defendants.

38.　　The Section 213(a)(1) exemption for employees employed in the capacity of

outside salesman does not apply because neither the Federal Collective Group Plaintiffs nor the

members of the Federal Collective Group were, or are, outside salespersons because the Federal

Collective Group Plaintiffs and the other members of the Federal Collective Group were *not* customarily and regularly engaged away from Defendants' places of business in making sales.

39.     The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of other employees of Defendants and their primary duty is selling securities and other financial products.

40.     The Federal Collective Group under the Fair Labor Standards Act includes all Securities Broker and Securities Broker Trainee employees of Defendants in the United States, including the District of Columbia.

41.     For purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States, including the District of Columbia, in all respects material to the claims asserted in this Complaint.

42.     There are no other exemptions applicable to the Federal Collective Group Plaintiffs and/or to the other members of the Federal Collective Group.

43.     The Federal Collective Group Plaintiffs and the other members of the Federal Collective Group regularly worked more than 40 hours per week for Defendants, and received no premium pay for hours worked in excess of 40 hours per week.

44.     Defendants violated the FLSA by failing to pay the members of the Federal Collective Group overtime pay for all hours worked in excess of forty (40) hours in a workweek.

45.     In committing the wrongful acts alleged to be in violation of the Fair Labor Standards Act, Chase acted willfully in that it knowingly, deliberately and intentionally failed to pay overtime to the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group.

46.     As a result of Defendants' failure to pay overtime, the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group were damaged.

47.     Therefore, the Federal Collective Group Plaintiffs demand that they and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees, as provided by law.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime to Members of the State Law Class)

48.     The State Law Class Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New York, New Jersey and Illinois, on behalf of themselves and on behalf of the State Law Class.

49.     The Labor Laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New York, New Jersey and Illinois, provide that any work performed by persons employed in Covered Positions in excess of forty (40) hours in any one workweek or, in the case of some jurisdictions, a different minimum amount of hours ("overtime work"), shall be compensated with overtime premium pay at a scale based on a multiple of the regular rate of pay for an employee.  The State Law Class Plaintiffs and the other members of the State Law Class were entitled to such overtime premium compensation for work performed in excess of forty (40) hours in any one workweek, *i.e.*, overtime work, while employed by Defendants in such Covered positions in such States and other jurisdictions of the United States.

50.     For example, New York Law, 12 NYCRR § 142-2.2 (2005), requires the payment of overtime compensation at one and one half times the regular rate for all hours worked in excess of 40 hours a week to non-exempt employees.  Plaintiffs Gary Simel, Alan B. Krichman and James C. Howell and all other members of the State Law Class employed in Covered Positions in New York regularly work and/or worked more than 40 hours per week, and were, or are, compensated on either a straight commission basis with no base salary, or entirely on salary, in either case with no premium pay for hours worked in excess of 40 hours and no exceptions to New York Labor Law apply to them; thus, Plaintiffs Gary Simel, Alan B. Krichman and James C. Howell and all other members of the State Law Class employed in Covered Positions in New York, were and are entitled to be paid overtime compensation for every hour of overtime worked in any work week for which they were not so compensated, as required by 12 NYCRR § 142-2.2 (2005), which provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section [20]7 and Section [2]13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938 as Amended, provided, however that the exemptions set forth in Section [2]13(a)(2) and [2]13(a)(4) shall not apply.   In addition, an employer shall pay employees subject to the exemptions of Section [2]13 of the Fair Labor Standards Act, as Amended, except employees subject to Section [2]13(a)(4) of such Act, overtime at a wage rate of one and one-half time the basis minimum hourly rate.

(See also New York Labor Law Article 19 § 650 *et seq.*)

51.     Similarly, Plaintiffs Lawrence R. Kaufmann and David Bachrach and the other members of the State Law Class employed in Covered Positions in New Jersey regularly worked more than 40 hours per week for Defendants and received no premium pay for hours worked in excess of 40 hours per week and were and are not exempt from the overtime requirements of

New Jersey's Labor Laws, and implementing regulations; and, thus, were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, which provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half (1 ½) times the regular rate of pay for an employee.

52.    Likewise, Plaintiff Amiri Curry and the other members of the State Law Class employed in Covered Positions in Illinois performed overtime work and were and are entitled to be paid overtime compensation for every hour of overtime worked in any workweek for which they were not so compensated, as required by the Illinois Minimum Wage Law, 820 ILCS 105/4a ("IMWL"), which provides that no employer shall employ any employees for a work week of more than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours at a rate not less than 1.5 times the regular rate at which such employee is employed, except as otherwise provided. None of the exemptions to the IMWL apply to Plaintiff Amiri Curry, or to the other members of the State Law Class employed in Covered Positions in Illinois.

53.    The overtime laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New York, New Jersey and Illinois, exempt from these overtime premium pay requirements certain "white collar" employees employed in a bone fide executive, administrative or professional capacity who are paid on a salary basis not less than a certain dollar amount.  The State Law Class Plaintiffs and the other members of the State Law Class do not fit within these exemptions for reasons similar to those discussed above with respect to the Federal Collective Group and the exemptions under federal law.

54.     Neither the State Law Class Plaintiffs, nor the other members of the State Law Class, are part of any group exempt from the overtime requirements of the laws of the States and jurisdictions of the United States, including, without limitation, the overtime laws of New York, New Jersey and Illinois.

55.     As a result of Defendants' employment policies, the State Law Class Plaintiffs and all other members of the State Law Class employed by Defendants during the State Law Class Periods, regularly worked and/or work more than 40 hours per week, *i.e.*, "overtime," with no premium pay for overtime, and, as a result thereof, suffered damages.

56.     Defendants violated the rights of their employees in Covered Positions in the States and jurisdictions of the United States, including, without limitation, New York, New Jersey and Illinois, in violation of NYCRR § 142-2.2 (2005); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, 12; and the IMWL, 820 ILCS 105/4a; and the implementing regulations and the public policies articulated therein, by failing to pay the State Law Class Plaintiffs and all other members of the State Law Class overtime pay, as alleged hereinabove.

57.     Therefore, the State Law Class Plaintiffs demand that they and all other members of the State Law Class be paid overtime compensation as required by the overtime laws of the States and jurisdictions of the United States, including, without limitation, NYCRR § 142-2.2 (2005); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 34:11-56a30, 12; and the IMWL, 820 ILCS 105/4a, for every hour of overtime worked in any workweek during the State Law Class Periods, for which they were not so compensated, plus interest and attorneys fees as provided by law.

## THIRD CLAIM FOR RELIEF

### (Impermissible Deductions and Charge Backs)

58.     The State Law Class Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the Labor Laws of the States and jurisdictions of the United States, including, without limitation, New York, New Jersey and Illinois, on behalf of themselves and on behalf of the State Law Class.

59.     The laws of many of the States and jurisdictions of the United States, including, without limitation, the Labor Laws of New York, New Jersey and Illinois, prohibit an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by law.

60.     For example, New York Labor Law §193 expressly prohibits an employer from making unauthorized deductions from employees' wages; thus, deductions are prohibited unless the deductions are (i) "expressly authorized" by and "for the benefit of the employee" and (ii) are limited to enumerated categories of permissible deductions.  Nowhere in said statute is an employer, such as Defendants, authorized to deduct from the pay of employees such as State Law Class Plaintiffs Gary Simel, Alan B. Krichman and James C. Howell, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in New York, wages payable to other employees of Defendants and all such unauthorized deductions were made after commissions were earned by Plaintiffs Gary Simel, Alan B. Krichman and James C. Howell, and the other members of the State Law Class employed in Covered Positions in New York.

18

61.     Similarly, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-4.4 prohibits an employer from "withholding" or "diverting" from wages any sums other than those specifically authorized by that statute.   Nowhere in the statute is an employer, such as Defendants herein, authorized to deduct from the pay of employees such as State Law Class Plaintiffs David Bachrach and Lawrence R. Kaufmann, or from the pay of similarly situated members of the State Law Class employed in Covered Positions in New Jersey, wages payable to other employees of Defendants.

62.     Further, under Illinois law, 820 ILCS 115/9, an employer is only permitted to make deductions which are for the benefit of the employee or required by law or pursuant to the written consent of the employee, freely given at the time such deduction is made.   Nowhere in the statute is an employer, such as Chase, authorized to deduct from the pay of employees such as State Law Class Plaintiff Amiri Curry, or from the pay of similarly situated members of the State Law Class who are or were employed in Covered Positions in Illinois, wages payable to other employees of Defendants or other operational costs, because such charges were not for the benefit of such employees, were not otherwise of a nature allowed under the relevant statute, and were made without the written consent of such employees.

63.     Defendants made unlawful deductions from the wages paid to State Law Class Plaintiffs Gary Simel, Alan B. Krichman, James C. Howell, David Bachrach, Lawrence R. Kaufmann and Amiri Curry and to other members of the State Law Class and/or required said State Law Class Plaintiffs and other members of the State Law Class to pay for expenses which were, as a matter of law, the employer's overhead expenses, including (a) deductions of the wages paid to "cold callers" hired to obtain business for Defendants, (b) deductions for amounts paid to Securities Brokers' secretaries or sales assistants for doing the business of Defendants

and communicating with customers, (c) deductions for marketing materials promoting Defendants' business, and (d) deductions for "broken trades." A "broken trade" is where a customer challenged a transaction done for his benefit by the Securities Broker and the trade was cancelled. Where the cancellation of the transaction resulted in a loss, Defendants deducted the amount of any loss from the commissions due the Securities Broker, both for the actual losses incurred by the customer and any commission paid on that transaction; however, if the cancellation of the transaction resulted in a gain on the transaction, Defendants retained the gain for its own benefit.

64.     Thus, State Law Class Plaintiffs Gary Simel, Alan B. Krichman, James C. Howell, David Bachrach, Lawrence R. Kaufmann and Amiri Curry and the other members of the State Law Class were and are forced to incur expenditures and losses which were and are in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer which have not yet been reimbursed by Defendants and were further forced to contribute to the capital and expenses of the Defendants' business, which contributions must be refunded by Defendants to each State Law Plaintiff and to the other members of the State Law Class.

65.     The described deductions violate the laws of the States and jurisdictions of the United States, including, without limitation, N.Y. Lab. Law §193; N.J.S.A. 34:11-4.4; and 820 ILCS 115/9, because they are neither for the benefit of the employees, nor are they authorized by law, nor are they of a type similar to the deductions allowable under the statutes.

66.     Therefore, State Law Class Plaintiffs Gary Simel, Alan B. Krichman, James C. Howell, David Bachrach, Lawrence R. Kaufmann and Amiri Curry demand, on behalf of themselves and the other members of the State Law Class, an accounting and reimbursement for

all deductions, expenditures or losses charged or incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, plus return of all coerced investments in the business of the employer, in violation of the Labor Laws of New York, New Jersey and Illinois, with interest and attorneys' fees, as provided by law.

## FOURTH CLAIM FOR RELIEF

### (Delay in Payments to the State Law Class)

67.     The State Law Class Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the Labor Laws of the States and jurisdictions of the United States, including, without limitation, Illinois, on behalf of themselves and on behalf of the State Law Class.

68.     The laws of many States and jurisdictions of the United States, including, without limitation, the State of Illinois (820 ILCS 115/5), provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines.

69.     For example, 820 ILCS 115/5 provides that every employer shall pay the final compensation of separated employee in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.  Further, 820 ILCS 105/12(a) provides that any employee who is paid by his employer less than the wage to which he is entitled may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees as allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.  Additionally, 820 ILCS 120/2 provides that all commissions due at the time of termination of a contract between a sales representative and principal shall be paid

21

within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due.  Under 820 ILCS 120/3, the employer shall be liable in a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative.  Plaintiff Amiri Curry, and the other members of the State Law Class employed in Covered Positions in Illinois were not paid all the wages to which they were entitled at the time said wages were due and are therefore entitled to waiting time penalty payments as provided by law.

70.     State Law Class Plaintiff Amiri Curry and many of the other members of the State Law Class, have terminated their employment with Chase and Chase has not tendered payment and/or restitution of wages owed to them or in the manner required by the laws of the States and jurisdictions of the United States in which such members of the State Law Class were employed by Defendants, including, without limitation, the State of Illinois, and have thereby caused State Law Class Plaintiff Amiri Curry and such other members of the State Law Class to suffer damages.

71.     Therefore, State Law Class Plaintiff Amiri Curry demands, on behalf of himself and the other members of the State Law Class, appropriate penalties and exemplary damages, if applicable under the laws of the States and jurisdictions of the United States, including, without limitation, the laws of Illinois, for Defendants' failure to timely pay wages during the State Law Class Periods.

WHEREFORE, in accordance with all of the above claims in the First through FourthClaims for Relief, inclusive, Plaintiffs demand judgment in their favor and in favor of the other members of the Federal Collective Group and the State Law Class and against Defendants for:

A.     A Declaration that Defendants have violated the FLSA, State Labor Laws and other applicable employment laws;

B.     An Order certifying the Federal Collective Group and designating this action as a collective action pursuant to the FLSA;

C.     An Order certifying the State Law Class and designating this action as a class action pursuant to Fed.R.Civ.P. 23;

D.     An Order appointing Plaintiffs and their counsel to represent the Federal Collective Group and the State Law Class, as defined in this Complaint;

E.     Compensatory damages, including restitution for both regular and overtime compensation due Plaintiffs and the other members of the Federal Collective Group and the State Law Class, during the applicable Federal Eligibility Period and the State Law Class Periods, plus interest thereon at the statutory rate;

F.     Restitution and reimbursement to the State Law Class Plaintiffs and to the other members of the State Law Class of all employee expenses not reimbursed by Defendants, during the State Law Class Periods, including: expenses incurred to pay assistants and other employees of Defendants, all commissions charged back to the State Law Class Plaintiffs and to the other members of the State Law Class and/or all other monies either unlawfully deducted from wages or required to be paid back directly by Defendants, including any gain on any incomplete or undone trades;

G.     An order requiring Defendants to provide an accounting of all wages and all sums unlawfully charged back and withheld from compensation due to Plaintiffs and the other members of the Federal Collective Group and the State Law Class;

H.      Imposition of a constructive trust upon the assets of the Defendants to the extent of the sums due to Plaintiffs and to the other members of the Federal Collective Group and State Law Class;

I.      Declaratory relief including declarations setting forth the rights of Plaintiffs and the members of the Federal Collective Group and the State Law Class, as alleged in this Complaint and setting forth the Defendants' violations of those rights;

J.      Appropriate penalties and exemplary damages to the State Law Class Plaintiffs, and to the other members of the State Law Class, as may be applicable, under the laws of the States and jurisdictions of the United States, including, without limitation, the State of Illinois, for Defendants' failure to timely pay wages during the State Law Class Periods;

K.      Interest;

L.      Reasonable attorneys fees and costs of suit; and

M.      Such other and further relief as the Court deems just and equitable, including penalties, liquidated and/or double damages as may be permitted by the laws of the States and jurisdictions of the United States; however, no penalties (statutory or otherwise), liquidated damages or exemplary or punitive damages of any kind under New York law are sought in this action and are expressly waived.

## JURY DEMAND

**Plaintiffs demand a trial by jury for all matters so triable.**

Dated: July  12  , 2010          LOVELL STEWART HALEBIAN LLP

By

JOHN HALEBIAN
Attorneys for Plaintiffs Alan B. Krichman and James C. Howell and, as authorized, as Attorneys for all Plaintiffs

Additional Attorneys for the Plaintiffs:

JERRY K. CIMMET
Attorney at Law
cimmet@att.net
177 Bovet Road, Suite 600
San Mateo, CA 94402
Tel:    (650) 866-4700
Fax:    (650) 866-4770
Attorney for Plaintiffs Alan B. Krichman,
James C. Howell and Gary Simel

PHILIP STEPHEN FUOCO
Philip Stephen Fuoco
pfuoco@msn.com
Joseph Osefchen
josefchen@msn.com
24 Wilkins Place
Haddonfield, New Jersey 08033
Tel:    (856) 354-1100
Attorneys for Plaintiff Lawrence R. Kaufmann

BARROWAY TOPAZ KESSLER
     MELTZER & CHECK, LLP
Peter A. Muhic
pmuhic@btkmc.com
280 King of Prussia Road
Radnor, PA 19087
Tel:    (610) 667-7706
Fax:    (610) 667-7056
Attorneys for Plaintiff Amiri Curry

SHABEL & DENITTIS, P.C.
Norman Shabel
nshabel@shabeldenittis.com
Stephen P. DeNittis
sdenittis@shabeldenittis.com
5 Greentree Centre, Suite 302
Marlton, New Jersey 08053
Tel:    (856) 797-9951
Fax:    (856) 797-9978
Attorneys for Plaintiff Lawrence R. Kaufmann

LAW OFFICE OF JOHN M. KELSON
John M. Kelson
kelsonlaw@sbcglobal.net
1999 Harrison Street, Suite 700
Oakland, CA  94612
Tel:    (510) 465-1326
Fax:    (510) 465-0871
Attorney for Plaintiffs Alan B. Krichman and
James C. Howell

WINNE, BANTA, HETHERINGTON,
     BASRALIAN & KAHN, P.C.
Kenneth K. Lehn
klehn@winnebanta.com
Court Plaza South
21 Main Street
P.O. Box 647
Hackensack, New Jersey 07601
Tel:    (201) 487-3800
Fax:    (201) 487-8529
Attorneys for Plaintiffs Alan B. Krichman and
James C. Howell

THIERMAN LAW FIRM
Mark Thierman
laborlawyer@pacbell.net
7287 Lakeside Drive
Reno, NV 89571
Tel:    (775) 284-1500
Fax:    (775) 703-5027
Attorneys for Plaintiff David Bachrach

LEON GREENBERG (LG-3280)
Attorney at Law
wagelaw@hotmail.com
633 South 4th Street - Suite 9
Las Vegas, Nevada 89101
Tel:    (702) 383-6085
Fax:    (702) 385-1827
Attorney for Plaintiff David Bachrach

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2010, the foregoing *Consolidated Amended Collective and Class Action Complaint* was served upon all counsel of record via electronic mail.

Dated:  July 13, 2010

Respectfully,

*Tucker Kiessling*

Tucker Kiessling
**Lovell Stewart Halebian LLP**
61 Broadway, Suite 501
New York, New York 10006
T: (212) 608-1900
F: (212) 719-4775